IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHNAZ GHOLAMI,<br><br>        Plaintiff(s),<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant(s). | No. C 08-5058 MEJ<br><br>**ORDER VACATING ORDER TO SHOW CAUSE**<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I.   INTRODUCTION

On January 15, 2009, the Court conducted an Order to Show Cause hearing regarding Plaintiff Shahnaz Gholami's failure to respond to the government's pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Based on Plaintiff's representations at the hearing, and as Plaintiff has now filed an opposition to the government's motion, the Court hereby VACATES the order to show cause.

Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds Defendant's motion appropriate for resolution without a hearing.  For the reasons articulated below, the Court hereby GRANTS Defendant's motion to dismiss.

## II.   BACKGROUND

Plaintiff filed a *pro se* complaint in state court against USPS employee Jorge Chirinos ("Chirinos") alleging that Chirinos refused to give her a copy of a lost parcel form, thereby discriminating against her, delaying processing, and/or losing her package.  The action was removed to this Court and the United States substituted as the party defendant pursuant to 28

U.S.C. § 2679. (Dkt. ## 1, 5.)

## III. LEGAL STANDARD

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, the standard is the same as under a Rule 12(b)(6) motion. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving that the court has jurisdiction. *Thornhill Publ. Co.,* 594 F.2d at 733 (citation omitted). The court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

## IV. APPLICATION TO THE CASE AT BAR

**A. Plaintiff has not exhausted administrative remedies.**

Under the Federal Tort Claims Act, if a plaintiff does not submit an administrative claim before filing suit in federal court, the suit must be dismissed for lack of subject matter jurisdiction:

> In a claim for damages against the United States, an independent cause of action must first be submitted for administrative review before that claim can be filed in federal court. *See* 28 U.S.C. § 2675(a). Where such a claim is not first presented to the appropriate agency, the district court, pursuant to Federal Rule of Civil Procedure 12(b)(1), must dismiss the action for lack of subject matter jurisdiction. *See McNeil v. United States*, 508 U.S. 106 [parallel citations omitted] (1993).

*Goodman v. United States*, 298 F.3d 1048, 1054-55 (9th Cir. 2002).

Here, Plaintiff has not filed an administrative claim with the USPS. (Decl. of Gwendolyn E. Murray, Dkt. #8, ¶ 3.) Therefore, the Court must dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

**B. Plaintiff's claims are barred by sovereign immunity.**

Even if Plaintiff had exhausted her administrative remedies, the Court would still lack jurisdiction over her complaint.  The federal government enjoys immunity from suit "except to the extent that it has unequivocally consented to litigation against itself." *LaBarge v. County of Mariposa*, 798 F.2d 364, 366 (9th Cir. 1986).  The Federal Tort Claims Act acts as a limited waiver of this sovereign immunity for tort claims. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).  However, the waiver is strictly construed in favor of the sovereign and may not be enlarged beyond what the statute requires. *F.D.I.C. v. Craft*, 157 F.3d 697, 707 (9th Cir. 1998).

Of pertinence, sovereign immunity is not waived for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  As Plaintiff's claims arise out of a lost parcel, under the FTCA, the government has not consented to the subject matter of Plaintiff's claims.  As such, the Court must dismiss Plaintiff's complaint for lack of subject matter jurisdiction for this reason as well. *See Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993) ("When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case.").

### V.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss. Plaintiff's complaint is DISMISSED WITH PREJUDICE.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: January 16, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHAHNAZ GHOLAMI,

        Plaintiff,

  v.

JORGE CHIRINOS et al,

        Defendant.

Case Number: CV08-05058 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannaz Gholami
8341 Kent Court
El Cerrito, CA 94530

Dated: January 16, 2009

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk